ELIZA JONES' HEIRS *v.* E. F. JONES.

**Wills—Incapacity to Make—Unadue Influence.**

> A father, enfeebled in body, and mind, so as not to be able to care for himself, giving a deed to his whole estate to a son whom theretofore he had always been astranged from, no considerations except his support for life, that after making the deed he tried to sell some of the land, saying he had only conveyed it during life to his son, held to constitute incapacity, and undue influence.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

March 3, 1870.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The facts established by the large multitude of witnesses, in many respects conflicting, conduce strongly to the following conclusions.

1. That until about the time that Eliza Jones went to his own homestead and commenced cohabitancy with his son, the appellee, he had been estranged from that son and strongly prejudiced against him.

2. That very soon thereafter, the appellee manifested much anxiety to obtain from his father a conveyance of his whole estate, or the greater portion of it, intimated a resolve to get it, and complained of the interference of the other children to frustrate his purpose.

3. That within a year, his father acknowledged a conveyance to him for four tracts of land in Christian county, and personalty, which may perhaps include his whole estate, and without any other valuable consideration than a promise to take care of him during the short remnant of his rapidly waning life.

4. That the father was then so much enfeebled in body and mind as not to be able to take care of himself or manage his property or business.

5. That the promised care and support apparently constituted a very inadequate consideration for the absolute conveyance of so much property.

6. That shortly after the acknowledgment of the conveyance, the father said that he had only conveyed the estate during his own life, and proposed to sell some of the land, thus indicating that he did not understand the legal effect of the conveyance as acknowledged.

7. That the old man's mental condition was such as to incapacitate him to make a prudent, or binding contract of such a character and magnitude.

These deductions uncounterbalanced by opposing facts, necessarily lead to the judicial conclusion that the appellant heirs of Eliza Jones are entitled to a cancellation of the conveyance as sought by their petition.

And consequently the judgment dismissing the petition is reversed, and the cause remanded for a decree setting aside the conveyance, of April 9, 1866, subject to a reasonable allowance to the appellee for his care and support, if on inquiry by a commissioner he be found entitled to any compensation.

*Ritter, McPherson & Champlin, for appellants.*

*Campbell & Phelps, for appellee.*